**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| ALAN PEARSON,<br><br>Plaintiff,<br><br>v.<br><br>MIDLAND CREDIT MANAGEMENT, INC.,<br><br>Defendant. | ) | Civil Action No.: 2:17-cv-01580 |

**PLAINTIFF'S COMPLAINT**

Plaintiff, ALAN PEARSON ("Plaintiff"), through Plaintiff's attorney, SCOTT, VICKNAIR, HAIR & CHECKI, LLC, alleges the following against Defendant, MIDLAND CREDIT MANAGEMENT, INC. ("Defendant"):

**INTRODUCTION**

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*. and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, 1367, 15 U.S.C. § 1692k, 15 U.S.C. § 1693(m), and 47 U.S.C. § 227.

3. Jurisdiction of this court arises pursuant to 47 U.S.C. § 227 and 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and

28 U.S.C. § 1367 grants this court supplemental jurisdiction over any state claims contained within.

4. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

**PARTIES**

5. Plaintiff is a natural person residing in Ponchatoula, Louisiana.

6. Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692a(3).

7. Plaintiff and Defendant are persons as defined by 47 U.S.C. § 153.

8. Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6).

9. Defendant attempted to collect a consumer debt from Plaintiff.

10. Defendant is a collection agency domiciled in Hutchinson, KS.

11. Defendant is a business entity engaged in the collection of debt within the state of Louisiana.

12. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

13. A principal purpose of Defendant's business is the collection of debts allegedly owed to third parties or using a trade name.

14. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties or using a trade name.

15. During the course of its attempts to collect debts, Defendant sends to alleged

debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

16. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

17. Defendant's agents, employees, officers, members, directors, and representatives were working within the course and scope of their employment when taking the actions stated herein.

## FACTUAL ALLEGATIONS

18. Defendant is attempting to collect an alleged consumer debt from Plaintiff.

19. Upon information and belief, the alleged debt at issue arose from transactions for personal, family, or household purposes.

20. In or around August, 2012, Defendant began calling Plaintiff on Plaintiff's cellular telephone.

21. In or around August, 2012, Plaintiff answered one of Defendant's calls and spoke with one of Defendant's collectors.

22. Defendant's collector stated Defendant was calling in regard to an account of a third party.

23. Plaintiff advised Defendant he did not know the third party and demanded Defendant stop calling him.

24. Defendant's collector stated Defendant would continue to call until it received satisfactory information regarding the third party.

25. On multiple occasions since the aforementioned conversation, Plaintiff has spoken with Defendant's collectors, told them he doesn't have any information regarding the third party, and told Defendant to stop calling.

26. Despite Plaintiff's repeated requests, Defendant continued to place collection calls to Plaintiff's cellular telephone.

27. Defendant's collectors behaved in a rude and harassing manner when talking to Plaintiff.

28. Defendant made threats of illegal actions including continuing to call Plaintiff regarding a third party's account.

29. Defendant called Plaintiff hundreds of times in the past four years.

30. Defendant's calls used a prerecorded or artificial voice message.

31. When Plaintiff answered Defendant's calls, Plaintiff was met with a prerecorded message before Plaintiff could speak with a person.

32. When Plaintiff answered Defendant's calls, Plaintiff was met with long pauses before a person came on the line.

33. When Plaintiff answered many of Defendant's calls, the call disconnected before Plaintiff could speak with anyone.

34. Upon information and belief, these calls were placed via an Automatic Telephone Dialing System ("ATDS").

35. Defendant's calls were not placed for emergency purposes.

36. Plaintiff never provided Defendant with consent to call Plaintiff's cellular phone.

37. Plaintiff revoked any consent Defendant may have believed it had to call Plaintiff's cellular phone.

38. Upon information and belief, Defendant knowingly and intentionally called Plaintiff via an ATDS and with an artificial or prerecorded voice without Plaintiff's consent.

39. Defendant's collectors are familiar with the FDCPA.

40. Plaintiff was charged for each call he received from Defendant.

41. Plaintiff suffered severe mental and emotional distress due to the calls of Defendant.

42. Plaintiff's daily life was impacted by Defendant's calls, including his ability to care for his elderly mother and his young child.

43. The natural consequence of Defendant's statements and actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

44. The natural consequence of Defendant's statements and actions was to cause Plaintiff mental distress.

**VIOLATIONS OF THE FDCPA**

45. The preceding paragraphs are incorporated as if fully stated herein.

46. Defendant is liable under 15 U.S.C. § 1692b for placing improper calls to third parties in an attempt to collect a debt.

47. Defendant is liable under 15 U.S.C. § 1692c for improper communications with third parties without the consumer's consent.

48. Defendant is liable under 15 U.S.C. § 1692d for using harassing and abusive tactics to collect the alleged debt.

49. Defendant is liable under 15 U.S.C. § 1692f for using unfair and unconscionable debt collection methods.

## VIOLATIONS OF THE TCPA

50. The preceding paragraphs are incorporated as if fully stated herein.

51. Defendant is liable under 47 U.S.C. § 227(b)(1) for placing ATDS and prerecorded or artificial voice calls to Plaintiff's cellular phone without consent.

52. These calls were made knowingly and willfully.

## JURY DEMAND

53. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that judgment be entered in Plaintiff's favor and against Defendant, including the following relief:

1. An injunction requiring Defendant to cease all collection efforts against Plaintiff for the alleged debt.
2. Statutory damages under the FDCPA of $1,000.
3. Statutory damages of $1,500 per call for Defendant's willful violations of the TCPA.

4. Statutory damages of $500 per call for Defendant's negligent violations of the TCPA.
5. All actual damages suffered by Plaintiff pursuant to 15 U.S.C. § 1692k.
6. All costs and attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1692k.
7. Any other relief that this Court deems appropriate.

DATED: February 24, 2017 RESPECTFULLY SUBMITTED,

*/s/ Samuel J. Ford*
Samuel J. Ford, Esq., T.A. #36081
Scott, Vicknair, Hair & Checki, LLC
909 Poydras St., Ste. 1100
New Orleans, LA 70112
ford@vhclaw.com
Phone: (504) 684-5200
Fax: (504) 613-6351
Attorney for Plaintiff